(75 South. 409)

PRIEBE v. SOUTHERN RY. CO.
(7 Div. 867.)

(Supreme Court of Alabama. April 26, 1917.)

1. CARRIERS ⬥12(1) — TARIFFS — MILLING AND TRANSIT PRIVILEGE.

Under a railroad tariff giving milling and transit privilege on milled products reshipped from J. over certain branch lines to certain stations, a shipper was not entitled to such privilege on products reshipped from J. to a point not shown to be within the termini of the lines defined by terminals, or to be on any of the branch lines mentioned in the tariff.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7, 15–20.]

2. CARRIERS ⬥12(1)—TARIFF—CONSTRUCTION BY CONDUCT.

In such case the fact that the railroad company had given to another tariff containing identical terms for defining the points or designated lines of the railway whereby the reshipments might be made under the milling and transit privilege could not justify the court in construing an unambiguous tariff contrary to the language used.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 7, 15–20.]

Appeal from ·City Court of Anniston; Thomas W. Coleman, Jr., Judge.

Action by H. Priebe against the Southern Railway Company. From judgment for defendant, plaintiff appealed to the Court of Appeals, and the case was transferred to the Supreme Court. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Ross Blackmon, of Anniston, for appellant. Knox, Acker, Dixon & Sterne, of Anniston, for appellee.

McCLELLAN, J. The case was here under a former appeal. Priebe v. Southern Ry. Co., 189 Ala. 427, 66 South. 573. Priebe brought the action against the company to recover refunds claimed by him in accordance with his due under the milling in transit privilege. The defendant instituted its cross-action to recover from Priebe payments it had erroneously made him in a mistaken view of his right to such payments under the milling in transit privilege. In the court below this agreement was made:

"That if defendant's tariff effective October 25, 1907, did not grant milling in transit on reshipments from Jenifer to Talladega, the defendant was entitled to judgment over against plaintiff in the sum of $79.49, and that if said tariff did grant milling in transit privilege on reshipments from Jenifer to Talladega, then the plaintiff is entitled to judgment in the sum of $186.30."

The tariff referred to reads, in its presently pertinent parts, as follows:

"Wheat or corn may be shipped from or through Louisville, Ky., or Cincinnati, Ohio, via C., N. O. & T. P. Ry., care of Southern Railway at Chattanooga to Jenifer, Ala., milled and the product reshipped to the following Southern Railway stations, viz.:

"Birmingham Division: Wilton to Mobile Junction, Ala., inc. Blocton Branch.

"Mobile Division: Lokey, Ala., to Meridian, Miss., inc. Bogue Chitto to Mobile, Ala.; Akron Branch, via Marion Junction to Evansville, Ala., inc.

"Milled products must be waybilled from Jenifer, Ala., at current rates."

The court, trying the cause without jury, construed the tariff referred to in the agreement as not embracing Talladega among the points to which, from Jenifer, the milled product might be rebilled under the milling in transit privilege, and hence ruled that the plaintiff was not entitled to drawbacks on the milled product shipped by plaintiff from Jenifer to Talladega.

[1, 2] We understand the tariff to refer to these points to which milled products might be reshipped from Jenifer: Those on the Southern Railway between Wilton and Mobile Junction, and those on the Blocton Branch; those between Lokey, Ala., and Meridian, Miss.; those between Bogue Chitto and Mobile, Ala.; those on the Akron Branch by way of Marion Junction to (including)

Evansville, Ala. Talladega is shown not to be within the termini of the lines defined by terminals, and not to be on any of the branches mentioned in the tariff. Our conclusion therefore accords with the construction given the tariff by the court below. If, as the appellant contends, a different interpretation and administration was given by the defendant to another tariff containing identical terms for defining or prescribing the points on, or sectors of, lines of this railway whereto the reshipments might to made under the milling in transit privilege from Jenifer, that fact, while quite strange, cannot justify another construction of the tariff here under consideration that is not, we think, equivocal in its prescriptions. What the tariff says must control. The court is not at liberty to exercise its judgment even though an apparent invidious discrimination with respect to this privilege is brought to its attention.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.